JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY as subrogee of BRANDYWINE CIRA WALNUT I, LP | A.T. CHADWICK COMPANY, INC. |

**(b)** County of Residence of First Listed Plaintiff  New York Co., NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bucks Co., PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

J. Benjamin Staherski, Esq., White and Williams LLP
1650 Market St., Ste. 1800, Philadelphia PA 19103 - (215)864-7020

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government Plaintiff

❏ 3  Federal Question
      *(U.S. Government Not a Party)*

❏ 2  U.S. Government Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ☒ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation - Transfer
❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Property subrogation case arising out of defendant's negligence

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
2,159,464.87

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
May 6, 2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ J. Benjamin Staherski

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY as subrogee of BRANDYWINE CIRA WALNUT I, LP 1299 Zurich Way Schaumburg, Illinois 60196 <br><br> Plaintiff <br><br> v. <br><br> A.T. CHADWICK COMPANY, INC. 100 Dunksferry Road Bensalem, PA 19020 <br><br> Defendant | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Comes now, Zurich American Insurance Company as subrogee of Brandywine Cira Walnut I, LP, by and through its counsel, and respectfully moves for judgment against Defendant, A.T. Chadwick Company, Inc. and asserts the following:

## JURISDICTION

1.      There is complete diversity of citizenship between Plaintiff and Defendant.

2.      The amount in controversy exceeds, exclusive of costs and interest, the sum specified by 28 U.S.C. § 1332.

3.      Jurisdiction is vested with this court under 28 U.S.C. § 1332.

## VENUE

4.      Pursuant to 28 U.S.C. § 1391 et seq., venue is proper in the Eastern District of Pennsylvania because the work performed by Defendant occurred at Plaintiff's subrogor's property that was located in this District and the damages giving rise to this Complaint occurred in this District.

24290996v.1

-2-

## PARTIES

5.     Zurich American Insurance Company a/s/o Brandywine Cira Walnut I, LP (hereinafter "Plaintiff" or "Zurich") is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

6.     At all times relevant and material hereto, Zurich was authorized to transact business and has transacted business, including issuing commercial policies of insurance and was authorized to issue said policies in the Commonwealth of Pennsylvania.

7.     At all times relevant and material hereto, Zurich's subrogor, Brandywine Cira Walnut I, LP (hereinafter "Brandywine"), was in the business of developing, owning and leasing commercial property in the Commonwealth of Pennsylvania, including the FMC Tower at Cira Centre South, a 49 story, mixed-use building located at 2929 Walnut Street, Philadelphia, PA 19104 (hereinafter the "Subject Property").

8.     At all relevant times hereto, Zurich provided commercial property insurance to Brandywine, covering the Subject Property, along with business interruption coverage pursuant to policy number: ERP0384399-00 (hereinafter the "Subject Policy").

9.     Defendant, A.T. Chadwick Company, Inc. (hereinafter "AT Chadwick") is a corporation duly organized under the laws of the Commonwealth of Pennsylvania with a principle place of business located at 100 Dunksferry Road, Bensalem, PA and, at all times relevant and material hereto, was a mechanical contracting firm specializing in commercial plumbing and HVAC.

24290996v.1

**FACTS**

10.     Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

11.     In 2014, Brandywine contracted with Turner Construction Company (hereinafter "Turner") to be the Construction Manager to build the Subject Property.

12.     Thereafter, Turner retained A.T. Chadwick as the mechanical subcontractor to, *inter alia*, install the plumbing lines at the Subject Property.

13.     In April of 2017 the construction of the Subject Property was completed.

14.     On May 13, 2018 a water leak was discovered at the Subject Property, originating from a plumbing supply line joint located in the hallway ceiling of the 46th floor.

15.     A temporary repair of the pipe, consisting of wrapping it with black tape to stop the leak was performed by a building engineer.

16.     Thereafter, Limbach Company ("Limbach"), the Preventative Maintenance contractor for the Subject Property was contacted to respond to the leak and A.T. Chadwick was contacted to make the permanent repair.

17.     Limbach performed a more significant temporary repair consisting of wrapping the leaking joint with white stretch-and-seal silicone tape with compression clamps and stated that the repair was temporary and that the joint needed to be re-soldered.

18.     Thereafter, an employee of AT Chadwick inspected the temporary repair made by Limbach and failed to recognize that the pipe had already separated and was being held together only by the silicone tape and clamps.

19.     AT Chadwick informed Brandywine that they would make the permanent repair to the pipe and left the Subject Property.

24290996v.1

20.    Following the inspection of the pipe made by the employee of AT Chadwick, and before they made the permanent repair, the temporary repair stopped holding the pipe together and a substantial water loss occurred that caused damage to multiple floors of the building.

21.    As a direct and proximate result of the water loss, Brandywine incurred damages to its property and loss to its business that totaled $2,159,464.87.

22.    Pursuant to the Subject Policy, Zurich paid Brandywine $2,159,464.87, less the $25,000 deductible paid by Brandywine, to repair the damage to the Subject Property and for the loss off business incurred by Brandywine resulting from the water loss.

23.    Pursuant to its policy of insurance and the applicable law, Zurich is now subrogated to the rights of its insured, to the extent of the payments made, for the damage caused by Defendant's actions.

## COUNT I – NEGLIGENCE

24.    Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

25.    AT Chadwick owed Plaintiff's subrogor a duty of care to complete the installation, service and repair of the plumbing lines at the Subject Property in a good and workmanlike manner and in accordance with industry standards.

26.    Moreover, AT Chadwick owed Plaintiff's subrogor a duty to protect the Subject Property from damage while installing, servicing and repairing the plumbing lines at the Subject Property.

27.    Defendant, by and through its employees, agents, contractors, subcontractors, workmen, servants and/or representatives, acting within the course and scope of their employment, breached the duties owed to Plaintiff's subrogor in one or more of the following ways:

-4-

24290996v.1

<u>Original Installation/Construction</u>

(a)   failing to properly and adequately install the plumbing lines at the Subject
      Property;

(b)   failing to properly and adequately solder the plumbing connection that
      separated on the 46th floor that resulted in the water loss;

(c)   failing to supervise and inspect the work completed by their employees,
      agents and/or subcontractors;

(d)   failing to properly and adequately support the plumbing lines during
      installation;

(e)   failing to take reasonable precautions to protect the Subject Property from
      damage;

<u>Post-Construction Inspection/Repairs</u>

(f)   failing to timely and effectively make a permanent repair to the leaking
      plumbing joint;

(g)   failing to properly inspect and diagnose the issue with the leaking
      plumbing line and take the necessary steps to cure same;

(h)   failing to recognize the imminent threat of damage to the Subject Property
      when inspecting the leak and temporary repair;

(i)   failing to recognize that the plumbing line had completely separated from
      the fitting and was only being held together by silicone tape and clamps at
      the time of their inspection;

(j)   failing to shut off the water to the leaking plumbing line in order to
      prevent or limit significant property damage;

(k)   failing to warn Brandywine of the threat of damage to the Subject Property
      if a permanent repair was not made expeditiously; and

(l)   failing to use due care in other ways that may be disclosed in discovery.

28.   As the direct and proximate result of AT Chadwick's acts and/or omissions,

Brandywine sustained damage to its real property and business, along with other incidental and

consequential damages totaling $2,159,464.87.

-5-

29.     Pursuant to its policy of insurance with Brandywine, Zurich paid its insured $2,159,464.87 in damages, less the insured's $25,000 deductible.  Zurich is now subrogated to the rights of its insured and seeks reimbursement for the damages paid from the Defendant.

**WHEREFORE**, for the foregoing reasons, Plaintiff, Zurich American Insurance Company a/s/o Brandywine Cira Walnut I, LP, respectfully requests that judgment be entered in its favor and against Defendant, A.T. Chadwick Company, Inc. in the amount of $2,159,464.87, plus interest, costs, attorney's fees, and other such relief as the Court may deem proper.

Respectfully submitted,

J. Benjamin Staherski, Esquire
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103-7395
P: (215) 864.7020
F: (215) 399-9612
staherskib@whiteandwilliams.com
*Attorneys for Plaintiff, Zurich American Insurance Company a/s/o Brandywine Cira Walnut I, LP*

Dated: May 6, 2020

24290996v.1

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY as subrogee of BRANDYWINE CIRA WALNUT I, LP | ) ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | ) )  Civil Action No. |
| A.T. CHADWICK COMPANY, INC. | ) ) ) ) |
| *Defendant(s)* | ) ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  A.T. CHADWICK COMPANY, INC.
100 DUNKSFERRY ROAD
BENSALEM, PA 19020

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J. BENJAMIN STAHERSKI, ESQ.
WHITE AND WILLIAMS LLP
1650 MARKET STREET, ONE LIBERTY PLACE, SUITE 1800
PHILADELPHIA PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

 designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____1299 ZURICH WAY, SCHAUMBURG, ILLINOIS 60196_____

Address of Defendant: _____100 DUNKSFERRY ROAD, BENSALEM, PENNSYLVANIA 19020_____

Place of Accident, Incident or Transaction: _____2929 WALNUT STREET, PHILADELPHIA, PENNSYLVANIA 19104_____

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: May 6, 2020 _____    *J. Benjamin Staherski* _____    93286 _____

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*    **B.**    *Diversity Jurisdiction Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts    ☐ 1. Insurance Contract and Other Contracts
☐ 2. FELA    ☐ 2. Airplane Personal Injury
☐ 3. Jones Act-Personal Injury    ☐ 3. Assault, Defamation
☐ 4. Antitrust    ☐ 4. Marine Personal Injury
☐ 5. Patent    ☐ 5. Motor Vehicle Personal Injury
☐ 6. Labor-Management Relations    ☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Civil Rights    ☐ 7. Products Liability
☐ 8. Habeas Corpus    ☐ 8. Products Liability – Asbestos
☐ 9. Securities Act(s) Cases    ☑ 9. All other Diversity Cases
☐ 10. Social Security Review Cases    *(Please specify):* _____Property Subrogation_____
☐ 11. All other Federal Question Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____J. Benjamin Staherski_____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: May 6, 2020 _____    *J. Benjamin Staherski* _____    93286 _____

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY<br>as subrogee of BRANDYWINE CIRA WALNUT I, LP | : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| A.T. CHADWICK COMPANY, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court.  (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X )

| | | |
|---|---|---|
| May 6, 2020 | J. Benjamin Staherski, Esq. | Plaintiff, Zurich American Insurance Co. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-864-7020 | 215-399-9612 | staherskib@whiteandwilliams.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**