**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ZURICH AMERICAN INSURANCE    :
  COMPANY, as subrogee of         :
  BRANDYWINE CIRA WALNUT, LP  :
          Plaintiff           :      No. 2:20-cv-02180
                                  :
       v.                    :
                                  :
A.T. CHADWICK COMPANY, INC.    :
  Defendant, Third Party Plaintiff   :
                                  :
       v.                    :
                                  :
LIMBACH COMPANY, LLC,        :
ABLE SERVICE, INC. and         :
AKA UNIVERSITY CITY         :
         Third Party Defendants.   :

**ANSWER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS**
**OF THIRD PARTY DEFENDANT AKA MANAGEMENT I, LLC TO THE AMENDED**
**THIRD PARTY COMPLAINT OF DEFENDANT/THIRD PARTY PLAINTIFF**
**<u>A.T. CHADWICK COMPANY, INC.</u>**

      AND NOW, Third Party Defendant, AKA Management I, LLC  (hereinafter

"Answering Defendant"), improperly named as AKA University City, by and through its

counsel, William J. Ferren & Associates, hereby files its Answer with Affirmative Defenses and

Crossclaims to the Amended Third Party Complaint of Defendant/Third Party Plaintiff  A.T.

Chadwick Company, Inc., and in support thereof avers as follows:

1.  Admitted upon information and belief.

2.  Denied.  The allegations of this paragraph reference a document which speaks for

    itself.  Strict proof of the averments in the referenced document is demanded at the

    time of trial.

3.  Denied.  The allegations of this paragraph reference a document which speaks for itself.  Strict proof of the averments in the referenced document is demanded at the time of trial.

4.  Denied.  The allegations of this paragraph reference a document which speaks for itself.  Strict proof of the averments in the referenced document is demanded at the time of trial.

5.  Denied.  The allegations of this paragraph reference a document which speaks for itself.  Strict proof of the averments in the referenced document is demanded at the time of trial.

6.  Denied.  The allegations of this paragraph reference a document which speaks for itself.  Strict proof of the averments in the referenced document is demanded at the time of trial.

7.  Denied.  The allegations of this paragraph reference a document which speaks for itself.  Strict proof of the averments in the referenced document is demanded at the time of trial.

8.  Denied.  The allegations of this paragraph reference a document which speaks for itself.  Strict proof of the averments in the referenced document is demanded at the time of trial.

9.  Denied as stated.  Cory Munro, then a maintenance employee of Answering Defendant, performed a temporary repair at the leak location.  Answering Defendant then contacted Additional Defendant Limbach Company, LLC, a plumbing contractor, who performed a more significant temporary repair at the leak location.

10. Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are deemed denied.

11. This is a paragraph of incorporation.  Answering Defendant incorporates all prior pleadings as if fully set forth herein at length.

12. Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are deemed denied.

13. Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are deemed denied.

14. Denied.  Answering Defendant is a Delaware LLC with a principal place of business located at 580 W. Germantown Pike, Suite 200, Plymouth Meeting, Pennsylvania.

## COUNT I
## A.T. CHADWICK COMPANY, INC. V. LIMBACH COMPANY, LLC, ABLE SERVICE, INC. AND AKA UNIVERSITY CITY
## CONTRIBUTION

15. Answering Defendant incorporates its responses to each of the foregoing paragraphs as though set forth fully herein.

16. Denied.  The averments of this paragraph are conclusions of law to which no response is required; therefore, they are deemed denied.  As a consequence of the foregoing, it is specifically denied that Answering Defendant is alone liable, jointly or severally

liable, or liable upon any other basis to any other person, party, or entity relevant hereto. Strict proof of the averments of this paragraph is demanded at the time of trial.

17. Denied. The averments of this paragraph are conclusions of law to which no response is required; therefore, they are deemed denied. As a consequence of the foregoing, it is specifically denied that Answering Defendant is alone liable, jointly or severally liable, or liable upon any other basis to any other person, party, or entity relevant hereto. Strict proof of the averments of this paragraph is demanded at the time of trial.

18. Denied. The averments of this paragraph are conclusions of law to which no response is required; therefore, they are deemed denied. As a consequence of the foregoing, it is specifically denied that Answering Defendant is alone liable, jointly or severally liable, or liable upon any other basis to any other person, party, or entity relevant hereto. Strict proof of the averments of this paragraph is demanded at the time of trial.

19. Denied. The averments of this paragraph are conclusions of law to which no response is required; therefore, they are deemed denied. As a consequence of the foregoing, it is specifically denied that Answering Defendant is alone liable, jointly or severally liable, or liable upon any other basis to any other person, party, or entity relevant hereto. Strict proof of the averments of this paragraph is demanded at the time of trial.

WHEREFORE, Answering Defendant seeks judgment in its favor, together with costs, reasonable attorneys' fees, and such other relief as the Court may deem appropriate.

## COUNT II
## A.T. CHADWICK COMPANY, INC. V. LIMBACH COMPANY, LLC, ABLE SERVICE, INC. AND AKA UNIVERSITY CITY
## COMMON LAW INDEMNITY

20. Answering Defendant incorporates its responses to each of the foregoing paragraphs as though set forth fully herein.

21. Denied.  The averments of this paragraph are conclusions of law to which no response is required; therefore, they are deemed denied.  As a consequence of the foregoing, it is specifically denied that Answering Defendant is alone liable, jointly or severally liable, or liable upon any other basis to any other person, party, or entity relevant hereto.  Strict proof of the averments of this paragraph is demanded at the time of trial.

22. Denied.  The averments of this paragraph are conclusions of law to which no response is required; therefore, they are deemed denied.  As a consequence of the foregoing, it is specifically denied that Answering Defendant is alone liable, jointly or severally liable, or liable upon any other basis to any other person, party, or entity relevant hereto.  Strict proof of the averments of this paragraph is demanded at the time of trial.

WHEREFORE, Answering Defendant seeks judgment in its favor, together with costs, reasonable attorneys' fees, and such other relief as the Court may deem appropriate.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff, which for this affirmative defense and all other affirmative defenses will reference both Plaintiff and Third Party Plaintiff, fails to state any claim upon which relief can

be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation, including but not limited to 42 Pa. C.S.A. §§ 5524 and 5525.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of repose, 42 Pa. C.S.A. § 5536.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the application of the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the application of the doctrines of waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the application of the doctrine of assumption of risk.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or substantially reduced by the doctrine of contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are for purely economic losses and thus are barred in their entirety due to their contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or substantially reduced by the provisions of the Comparative Negligence Act, 42 Pa. C.S.A. § 7102, *et seq.*

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the application of the economic loss doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages as alleged, which allegations of damages are specifically denied, said damages were caused by the acts or omissions of persons or entities other than Answering Defendant and over whom Answering Defendant had/has no control and for whom Answering Defendant was not/is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims based upon contract are barred by the applicable Statute of Frauds, including 33 Pa. C.S.A. § 1.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or reduced by the failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any right to recover for damages against Answering Defendant is barred by the independent, intervening, and superseding actions of others.  Whatever damages or injuries, if any, which may have been sustained by the Plaintiff in this action were the result of, were due solely to, caused solely by, and were the direct and proximate result of the intervening, superseding, and unforeseeable actions of others over whom Answering Defendant had no control or which occurred so as to bar any recovery from Answering Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by any and all releases or settlement agreements executed or to be executed by Plaintiff and any other party.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to amend these affirmative defenses to add additional defenses warranted by facts disclosed during discovery.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by contract and/or waiver of subrogation provisions in the contract(s) for the construction of the subject building.

## CROSSCLAIM

### CROSSCLAIM PURSUANT TO F.R.C.P 13(g) – COUNT I
### CONTRIBUTION AND COMMON LAW INDEMNITY AGAINST CO-DEFENDANTS A.T. CHADWICK COMPANY, LLC, LIMBACH COMPANY, LLC, AND ABLE SERVICE, INC.

1.      Answering Defendant incorporates by reference its responses to each of the foregoing paragraphs as though set forth fully herein.

2.      As a consequence of the foregoing, it is specifically denied that Answering Defendant is liable to the Plaintiff or any other party or entity on any basis.

3.      Answering Defendant, without admitting any of the averments contained therein, and solely for the purposes of asserting its crossclaims, hereby incorporates the averments of Plaintiff's Complaint made against Defendant A.T. Chadwick Company, LLC and the averments of the Amended Third Party Complaint of Third Party Plaintiff A.T. Chadwick Company, LLC made against Third Party Defendants Limbach Company, LLC and Able Service, Inc.

4.      To the extent that Plaintiff has sustained any damages as alleged, which averments are denied, then Defendants A.T. Chadwick Company, LLC, Limbach Company, LLC, and Able Service, Inc. is/are solely liable for them, jointly and severally liable for them, or is/are liable over to Answering Defendant for contribution and/or common law indemnity.

WHEREFORE, Answering Defendant demands that the Amended Third Party Complaint of A.T. Chadwick Company, LLC be dismissed and that judgment be entered in its favor or, in the event it is found liable, seeks a judgment that Defendants A.T. Chadwick Company, LLC, Limbach Company, LLC, and Able Service, Inc. are jointly and severally liable with Answering Defendant and/or liable over to it for contribution and/or common law indemnity, together with costs, reasonable attorneys' fees, and such other relief as the Court may deem appropriate.

**WILLIAM J. FERREN & ASSOCIATES**

**By:** _____

**JIM H. FIELDS, JR., ESQUIRE**
**WILLIAM J. FERREN & ASSOCIATES**
**PO BOX 2903**
**HARTFORD, CT  06104**
**Atty ID # 59124**
**215-274-1742**
**jhfields@travelers.com**
**Attorney for Additional Defendant**
**AKA Management I, LLC**